UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No.  22  cr 10095 |
| | ) | Violation: |
| v. | ) ) | |
| | ) | Count One: Bank Fraud Conspiracy |
| FRANCIS OKAFOR, | ) | (18 U.S.C. § 1349) |
| a/k/a "Jason Haddon," | ) | |
| a/k/a "Niro James," | ) ) | Forfeiture Allegation: |
| | ) | (18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), and |
| Defendant | ) | 28 U.S.C. § 2461) |
| | ) | |

INFORMATION

At all times relevant to this Information:

General Allegations

1.     FRANCIS OKAFOR ("OKAFOR"), also known as "Jason Haddon" and "Niro James," lived in Taunton, Massachusetts.

2.     Victim 1 lived in Virginia Beach, Virginia.

3.     Victim 2 lived in Chicago, Illinois.

4.     Victim 3 lived in Bellingham, Washington.

5.     Victim 4 lived in Broken Arrow, Oklahoma.

6.     Victim 5 lived in Altamount, Kansas.

7.     Citizen's Bank, N.A. ("Citizens"), Santander Bank, N.A. ("Santander"), and TD Bank N.A. ("TD Bank") were all financial institutions within the meaning of 18 U.S.C. § 20.

8.     "Romance scam" refers to a type of fraud that is enabled by the creation of fictitious profiles on online dating or social media websites.   Individuals perpetrating romance scams often use these online dating profiles to gain the trust of potential victims, and once that trust is gained, direct victims to transfer money under false pretenses.

9.      "Advance fee scheme" refers to a type of fraud in which a victim pays money to someone in anticipation of receiving something of greater value—such as a loan, contract, investment, or gift—and then receives little or nothing in return.

## Overview of the Conspiracy and Scheme to Defraud

10.      Beginning no later than in or about May 2018, and continuing through in or about August 2021, OKAFOR, together with others known and unknown to the U.S. Attorney, engaged in a conspiracy to open bank accounts using fake foreign passports and shell companies to receive the proceeds of romance scams and advance fee schemes.   OKAFOR and co-conspirators known and unknown to the U.S. Attorney then rapidly withdrew the victims' money from bank branches and ATMs or wired the money overseas.

## Object and Purpose of the Conspiracy

11.      The object of the conspiracy was to commit bank fraud.   The principal purpose of the conspiracy was to make money by receiving, withdrawing, and sending victims' money to other members of the conspiracy.

## Manner and Means of the Conspiracy and Scheme to Defraud

12.      Among the manner and means by which OKAFOR and co-conspirators known and unknown to the U.S. Attorney carried out the conspiracy and scheme to defraud were the following:

   a.  Opening fraudulent bank accounts using aliases, fake passports, and shell companies;

   b.  Receiving in these bank accounts money that the victims were induced to send under false pretenses; and

  c. Rapidly withdrawing the victims' money from the fraudulent bank accounts and diverting that money to co-conspirators' benefit.

Acts in Furtherance of the Conspiracy and Scheme to Defraud

13. On various dates between in or about May 2018 and in or about August 2021, OKAFOR and co-conspirators known and unknown to the U.S. Attorney committed and caused to be committed the following acts in furtherance of the conspiracy and scheme to defraud:

*Victim 1*

14. On or about November 20, 2018, OKAFOR used a fake Lesotho passport in the name of Jason Haddon ("the Haddon Lesotho Passport") to open an account at Santander (the "4728 Account").

15. On or about December 6, 2018, Victim 1 wired $5,500 to the 4728 Account after a co-conspirator, who claimed to be a U.S. Army officer stationed overseas, induced Victim 1 to send the money, purportedly for education, travel, and medical expenses.

16. OKAFOR and co-conspirators withdrew the money from the account in cash within a few days of its deposit in the 4728 Account.

*Victim 2*

17. On or about January 22, 2019, OKAFOR used the Haddon Lesotho Passport to open an account at TD Bank (the "5628 Account").

18. On or about April 9, 2019, Victim 2 wired $32,000 to the 5628 Account after a co-conspirator, who claimed to be a member of the U.S. military stationed overseas, induced Victim 2 to send the money under the false pretense that the two were in a romantic relationship.

3

19.     OKAFOR and co-conspirators withdrew the money from the account in cash and through purchases at auto auctions in Massachusetts within a few days of its deposit in the 5628 Account.

*Victim 3*

20.     On or about May 31, 2018, OKAFOR used the Haddon Passport to open an account at Citizens Bank (the "1068 Account").

21.     On or about October 2, 2018 and October 19, 2018, Victim 3 wired a total of $13,000 to the 1068 Account after a co-conspirator convinced Victim 3 that he could receive a larger sum of money by investing the $13,000 with the International Monetary Fund.

22.     Victim 3 received no money back; instead, OKAFOR and co-conspirators withdrew the money from the account in cash within a few days of its deposit in the 1068 Account.

*Victim 4*

23.     On or about May 2, 2019, OKAFOR used a fake Kenyan passport in the name of Niro James ("the James Kenya Passport") to open an account at Citizens Bank (the "4544 Account").

24.     On or about September 16, 2019 and October 9, 2019, Victim 4 wired a total of $2,775 to the 4544 Account after a co-conspirator convinced Victim 4 that the wire would cover application and closing fees for a loan Victim 4 was applying for.

*25.*     Victim 4 never received the loan; instead, OKAFOR and co-conspirators withdrew the money in cash within a few days of its deposit in the 4544 Account.

*Victim 5*

26.     On or about June 24, 2019, OKAFOR used the James Kenya Passport to open an account at Santander in the name of a fake business that Niro James purportedly owned, Shiv Shakti Export LLC (the "3383 Account").

27.     On or about August 14, 2019, Victim 5 wired $25,000 to the 3383 Account after a co-conspirator, who claimed to be on a diamond expedition in South Africa, convinced Victim 5 to send money in support of the expedition.

28.     Victim 5 never received his money back; instead OKAFOR and co-conspirators withdrew most of the money in cash within a few days of its deposit in the 3383 Account.

29.     In total, OKAFOR used fake passports to open at least 13 fraudulent bank accounts that received approximately $1,130,285 in victim funds.

## COUNT ONE
### Bank Fraud Conspiracy
### (18 U.S.C. § 1349)

The U.S. Attorney charges:

30.     The U.S. Attorney re-alleges and incorporates by reference Paragraphs 1-29 of this Information.

31.     From in or about May 2018 through in or about August 2021, in the District of Massachusetts and elsewhere, the defendant,

FRANCIS OKAFOR,
a/k/a "James Haddon,"
a/k/a "Niro James,"

conspired with others known and unknown to the U.S. Attorney to commit bank fraud, that is, to knowingly execute, and attempt to execute, a scheme and artifice to defraud a financial institution, that is, Santander, Citizens, and TD Bank, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of Santander, Citizens, and TD Bank, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Section 1349.

<u>BANK FRAUD FORFEITURE ALLEGATION</u>
(18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c))

32.     Upon conviction of the offenses of conspiracy to commit bank fraud in violation

of Title 18, United States Code, Section 1349, set forth in Count One of this Information, the

defendant,

FRANCIS OKAFOR,
a/k/a "James Haddon,"
a/k/a "Niro James,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C)

and Title 28, United States Code, Section 2461(c), any property, real or personal, which

constitutes or is derived from proceeds traceable to the offenses, and, pursuant to Title 18,

United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds

obtained directly or indirectly, as a result of such offenses.   The property to be forfeited

includes, but is not limited to, the following:

     a.  $1,130,285 in United States currency, to be entered in the form of an Order of
        Forfeiture (Money Judgment).

33.     If any of the property described in Paragraph 32, above, as being forfeitable

pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and Title 28, United

States Code, Section 2461(c), as a result of any act or omission of the defendant --

     a.  cannot be located upon the exercise of due diligence;

     b.  has been transferred or sold to, or deposited with, a third party;

     c.  has been placed beyond the jurisdiction of the Court;

     d.  has been substantially diminished in value; or

     e.  has been commingled with other property which cannot be divided without
        difficulty;

7

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), both incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 32 above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2) and Title 28, United States Code, Section 2461(c).

RACHAEL S. ROLLINS
United States Attorney


By:    */s/ Kristen A. Kearney*
KRISTEN A. KEARNEY
Assistant United States Attorney

April 29, 2022

8